```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
ADAM M. CLOKE,                    :      NO. 1:03-CV-00783
                                  :
     Plaintiff,                   :
                                  :
     v.                           :      OPINION AND ORDER
                                  :
WEST CLERMONT LOCAL SCHOOL        :
DISTRICT BOARD OF EDUCATION,      :
                                  :
     Defendant.                   :
```

This matter is before the Court on Plaintiff's Motion for Instatement (doc. 40), Defendant's Response in Opposition (doc. 42), and Plaintiff's Reply (doc. 43). Also before the Court is Plaintiff's Motion for Attorney's Fees and Costs (doc. 41). For the reasons indicated herein, the Court GRANTS both of Plaintiff's motions.

**I.  Plaintiff's Motion for Instatement (doc. 40)**

Plaintiff filed his Complaint on November 10, 2003, alleging Defendant engaged in unlawful employment discrimination against him on the basis of disability or perceived disability (doc. 1). Having obtained a jury verdict in his favor, on May 11, 2006 (doc. 36), Plaintiff now seeks instatement as a full-time employee (doc. 40). Plaintiff specifically seeks to be hired for the next full-time custodial position that becomes available, and to be given seniority over any full-time

custodians hired after April 2002, the month when Defendant told him that Plaintiff would not be considered for employment (Id.).

Defendant opposes Plaintiff's motion, arguing that instatement is an equitable remedy that is not appropriate for every case (doc. 42). Defendant opines that the jury verdict indicated the jury did not think Plaintiff mitigated his damages, and therefore, reinstatement is inappropriate under Henry v. Lanks Industries, Inc., 768 F.2d 746, 753 (1985)(Id.). Defendant further argues that reinstatement is inappropriate as it would require the displacement of a non-culpable employee or would result in hostility among members of the public (Id.). Finally, Defendant argues that if the Court grants instatement, Plaintiff should submit to existing rules, regulations, and union agreements and not be granted the level of seniority he would have received had he been hired in April 2002 (Id.).

Plaintiff replies, citing Fuhr v. School District of Hazel Park, 364 F.3d 753, 761 (2004), that a victim of discrimination is "presumptively entitled to instatement or reinstatement" (doc. 43). Plaintiff argues the jury made no finding that he failed to mitigate his damages, and Defendant's argument under such theory is based on pure speculation (Id.). Plaintiff further argues that he has not requested that any current employee be displaced, but even had he done so, the Court

2

has the authority to order such displacement where the employer has been found to have engaged in illegal discrimination. (Id. citing Fuhr, 364 F.3d at 761). Finally, Plaintiff argues that Defendant's concerns about hostility are vague and completely speculative (Id.). Moreover, argues Plaintiff, it would be illegal for Defendant to "kowtow to the uninformed prejudices of people who might object to Plaintiff's employment because of his illness" (Id.).

Having reviewed this matter, the Court finds Plaintiff's motion well-taken. Defendant's arguments in opposition to Plaintiff's instatement are speculative and unpersuasive. Clearly, the presumptive equitable remedy in an employment discrimination case is reinstatement or instatement. Fuhr v. School District of Hazel Park, 364 F.3d 753, 761 (2004). Defendant has not rebutted the presumption.

**II. Plaintiff's Motion for Attorneys' Fees (doc. 41)**

Also before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (doc. 41). Defendant submitted no response in opposition.

Plaintiff seeks $60,908.25 in attorneys' fees through May 24, 2006, and costs of $3,293.63 (doc. 41). Plaintiff brought his case pursuant to the Americans with Disabilities Act, which provides a prevailing party plaintiff with the recovery of

reasonable attorneys' fees from Defendant. 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(k). Additionally, Plaintiff is entitled to recover court costs and litigation expenses. Northcross v. Board of Education of Memphis School District, 611 F.2d 624, 639 (6th Cir. 1979).

Attached to its Motion, Plaintiff submits the declaration of his trial counsel, who avers that his hourly rate is $220.00 per hour, which is in line with rates charged by other employment lawyers of his experience and ability (doc. 41). Plaintiff further submits billing records associated with this case, which show the time expended and the amount billed by each lawyer and paralegal who worked on the case (Id.).

Having reviewed Plaintiff's unopposed motion, the attached declaration, and the time records, the Court is convinced that an award of the requested amount is appropriate. Plaintiff's counsel is an excellent attorney who served his client well during the course of this litigation. The fees levied on Plaintiff for legal services are reasonable and just.

**III. Conclusion**

The Court finds both of Plaintiff's motions well-taken. Therefore, the Court GRANTS Plaintiff's Motion for Instatement (doc. 40), ORDERS Defendant to immediately reinstate Plaintiff as a part-time custodian on its call list, ORDERS Defendant to

4

INSTATE Plaintiff in the next full-time custodian position available, and ORDERS Defendant to GRANT Plaintiff the level of seniority he would have received had he been hired in April 2002. The Court further GRANTS Plaintiff's Motion for Award of Attorneys' Fees and Costs (doc. 41), AWARDS $60,908.25 in attorneys' fees through May 24, 2006, and AWARDS costs of $3,293.63.


SO ORDERED.

Dated: June 28, 2006        /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge